UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ROBERT WALSH,

              Plaintiff,          04 Civ. 9539

  -against-                     OPINION

THE CITY OF NEW YORK and
MICHAEL SILVESTRI,

              Defendants.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    BRODER & REITER
    350 Fifth Avenue, Suite 2811
    New York, NY  10118
    By:  Glenn A. Herman, Esq.
        Jonathan C. Reiter, Esq.


    Attorneys for Defendant

    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street, 4th Floor
    New York, NY  10007
    By:  Cathy Neustein, Esq.

**Sweet, D.J.**

The plaintiff, Robert Walsh ("Walsh" or the "Plaintiff"), has moved in limine to exclude certain evidence from trial and to strike the City of New York's ("the City" or "Defendant") affirmative defense of culpable conduct.

For the reasons set forth below, Plaintiff's motion in limine is granted in part and denied in part. Plaintiff's motion to strike Defendant's affirmative defense of culpable conduct is denied.

## I. Plaintiff's Motion in Limine

Plaintiff seeks an order from this Court precluding the City from offering any evidence 1) that Plaintiff was issued a disability retirement from the Fire Department and is currently receiving a disability pension, and 2) that disciplinary charges were previously brought against Plaintiff by the Fire Department.

### A. Disability Pension Benefits

1

Plaintiff argues that evidence of his disability retirement and benefits must be excluded pursuant to New York's collateral source rule. "The theory underlying the collateral source rule is simply that a negligent defendant should not, in fairness, be permitted to reduce its liability in damages by showing that the plaintiff is already entitled by contract or employment right to reimbursement . . . ." Kish v. Bd. of Educ., 558 N.E.2d 1159, 1161 (N.Y. 1990); see also Healy v. Rennert, 173 N.E.2d 777 (N.Y. 1961) (holding that evidence of retirement payments is not admissible as collateral source).

While Plaintiff is correct that, under Kish, the pension benefits are not admissible on the issue of credibility given the fact that his retirement was involuntary, evidence of the disability payments is admissible for the limited purpose of proving failure to mitigate damages. Assuming Defendant can establish that Plaintiff is physically capable of seeking other employment, his receipt of disability pension benefits is relevant to any failure to mitigate, and an appropriate limiting instruction will be given to that effect.

2

## B. Disciplinary Charges

Plaintiff also seeks an order excluding evidence of the disciplinary charges brought against Plaintiff on March 7, 2005, for various violations of Fire Department regulations, including, <u>inter alia</u>, the presence and use of alcoholic beverages and engagement in a verbal altercation.

Federal Rule of Evidence 403 provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Here, the disciplinary charges, which were brought one year and three months after the altercation occurred, have little probative value. On the other hand, the risk of unfair prejudice to the Plaintiff is substantial. Evidence of the disciplinary charges is therefore excluded.

## II. **Plaintiff's Motion to Strike Culpable Conduct Affirmative Defense**

Plaintiff has also moved to strike Defendant's affirmative defense of culpable conduct on the ground that the undisputed facts prove that nothing that Plaintiff said

3

or did was a proximate cause of the attack. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are "generally disfavored." Simon v. Mfrs. Hanover Trust Co., 849 F. Supp. 880, 882 (S.D.N.Y. 1994). The moving party has the burden of demonstrating to the Court "to a certainty that plaintiff[] would succeed despite any set of facts which could be proved in support of the defense." Id. (citation omitted).

Plaintiff argues that the City will not be able to prove that Walsh's conduct was the cause-in-fact of the attack because Silvestri himself testified in his plea allocution in connection with the charge of second degree assault that the attack was unprovoked. Plaintiff, however, has not established with the necessary "certainty" that the record contains no other facts on which the City could rely to prove its culpable conduct defense given the heated argument which preceded the attack. Accordingly, Plaintiff's motion to strike is denied.

Trial is currently scheduled to begin November 17, 2008.

4

It is so ordered.

**New York, NY**
**November    , 2008**

---
ROBERT W. SWEET
U.S.D.J